**GEORGE M. KAPOLCHOK**
**GEORGE KAPOLCHOK LAW OFFICES, INC.**
**360 K Street, Suite 100**
**Anchorage, Alaska 99501**
**Phone: (907) 278-8850**
**Fax: (907) 278-8860**
**E-mail: lawoffices@kapolchok.com**

**Attorney for Plaintiffs**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Scott R. Bertacini, and ) | |
| Daena E. Bertacini, ) | |
| ) | Case No. _____ Civil |
| Plaintiffs, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

COME NOW plaintiffs Scott and Daena Bertacini, by and through their attorney, George Kapolchok Law Offices, Inc., and for their causes of action against the defendant, the United States of America, state, allege and aver as follows:

### I. Jurisdiction

1) Scott and Daena Bertacini are residents of the State of Alaska, and are in all ways qualified to maintain this action. Scott and Daena Bertacini are husband and wife, and parents of a daughter.

2)  This cause of action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et. seq*.

3)  At all times relevant hereto, the David Grant USAF Medical Center (DGMC) and Dr. Ezell Askew, Jr., were agents and/or employees of the defendant, the United States of America.

4)  Each of the individuals and/or entities named in paragraph 3 above, were acting within the course and scope of their employment and/or agency at the time of the events described herein.

5)  The claims set forth herein were presented in writing by administrative claim No. 95-109 to the appropriate Federal Agencies on 5/11/2011. Those agencies failed to resolve the claim, although dialogue was opened, interviews taken and documents exchanged. The last word from the agencies was that the matter had been submitted for "a medical review." However, over six months have passed, and thus this suit is timely pursuant to 28 U.S.C. § 2675.

## II.  Allegations Of Negligence

6)  Plaintiffs reassert the allegations set forth in plaintiffs' paragraphs 1 – 5 above.

7)  Plaintiff Scott Bertacini was a combat soldier, U.S. Army Ranger, for 20 years. Prior to retiring, plaintiff Bertacini was an instructor at the Ranger School in Fort Benning, Georgia.

8)  In 2006 and 2007, plaintiff suffered from intermittent low back pain. He was treated with epidural steroid injections which provided 90 percent relief.

9)  In 2008, plaintiff came under the care of Dr. Askew at DGMC who administered epidural injections and a selective nerve block.

10) In 2009, Dr. Askew recommended a surgical fusion of L4/5-S1.
11) Plaintiff underwent low back surgery by Dr. Askew on June 17, 2009, who in the course of the surgery, utilized fixative metal devices and screws.
12) Dr. Askew and DGMC were negligent in the following ways:
    - Proper informed consent was not obtained.
    - Scott Bertacini was not a candidate for the back surgery performed.
    - Dr. Askew lacked the proper training to perform the spinal surgery; in fact, Dr. Askew is a radiologist and not a medical doctor qualified to perform spinal surgery.
    - DGMC knew Dr. Askew was a radiologist, not a surgeon, and not credentialed to perform surgery, and yet allowed the surgery to be performed in their facility.
    - The procedure fusing plaintiff's lower spine, was not only inappropriate, but was negligently done and created permanent serious injury.
    - Dr. Askew failed to create a surgical report.
    - Dr. Askew misrepresented his credentials to plaintiffs.
    - The procedure, as performed by Dr. Askew, amounted to an assault and battery on plaintiff.
    - The conduct of Dr. Askew and DGMC was reckless and in conscious disregard of the plaintiff's well being, as well as other patients of DGMC.
13) As a result of the medical negligence and reckless conduct of Dr. Askew and DGMC, Scott Bertacini has endured and will continue to suffer extreme pain and disability including, but not limited to:
    - loss of very lucrative employment and ability to work;
    - loss of quality and enjoyment of life;

- required medical pain management therapies, including electrical implants and heavy narcotics.

14) Daena Bertacini, as Scott's spouse, has suffered a loss of consortium, society, and companionship; has been deprived of non market services of her husband; and, has been forced to assume the role of the primary breadwinner as well as Scott's caregiver.

Wherefore, plaintiffs pray for the following relief:

1) compensation for past and future medical costs and past and future lost income and loss of earning capacity;

2) compensation for past and future pain, suffering, loss of quality of life, disability, embarrassment, and loss of consortium;

3) recognition of the reckless nature of this misconduct, and thus the elimination of any statutory damage caps for non economic loss;

4) to the extent permitted by law, the award of exemplary damages, costs, interest and attorney fees;

5) that should the court find that the above allegations are true and correct, order an investigation of DGMC's practice and procedures, and of Dr. Askew;

6) other relief determined by the court to be just and fair.

DATED: December 2, 2011        s/George M. Kapolchok
                               George M. Kapolchok
                               Attorney for Plaintiffs
                               Alaska Bar No. 7510071